**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA M. DIAZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-00293-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 6] |

Plaintiff Lisa M. Diaz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed April 16, 2018.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

1

1         A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

        Plaintiff names the California Department of Corrections and Rehabilitation (CDCR), Philip Mechael, Physician Assistant ("PA"), Doctor Sangh, Doctor Gonzalez and Doctor Khoo as Defendants.

        A May 16, 2016, X-ray of Plaintiff revealed a fracture from T11-T12 from a fall on May 14, 2016. PA Mechael overlooked the fracture because he insisted that Plaintiff's pain was due to kidney problems and not a fracture of the spine. Mechael did not send Plaintiff to the hospital or provide treatment for the fracture.

///
///
///
///

# III.

# DISCUSSION

## A. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff has failed to demonstrate deliberate indifference on the part of PA Mechael or any other named Defendant. Indeed, the institutional level response to inmate appeal number CCWF HC 160033709 demonstrates that Plaintiff has been continuously evaluated and provided appropriate

3

medical treatment. In Plaintiff's appeal he alleged medical neglect prior to x-rays as well as after due to continued misdiagnosis, and the appeal was denied, in pertinent part, as follow:

> Your appeal is DENIED in that it was explained to you that you suffer from chronic pain related to Seronegative Arthritis. You have been seen by various providers (Dr. Khoo, DR. Gonzalez and Mechael PA-C) related to your medical alarms for complaints of abdominal pain, flank pain and back pain since April 2016. On multiple encounters with medical staff you did not report fever, chills, night sweats, malaise or weight loss. Based on the information you provided to the treatment team, your medical provider addressed your case with an appropriate plan of care. Your x-ray of your L-Spine done 4/19/16 did not reveal Osteomyelitis nor did your x-rays dated 5/9/16 or 5/11/16 reveal[] such a diagnosis. You reported a fall on 5/14/16, and x-rays taken 5/16/16 showed a compression fracture of your T-11 vertebrae, but again, it did not indicate Osteomyelitis. It was explained to you that a fall is the most common cause of a compression fracture. For further evaluation of this fracture, an MRI of your T & L-spines was ordered by PA-C Mechael on 5/25/16 on a routine basis. You were seen in the TTA on 6/6/16 for worsening symptoms, and you were transferred to a Higher Level of Care at that time.
>
> When you were questioned as to why you did not place any Health Care Service Request Forms (CDC 7362) presenting your symptoms, you stated that you were "just exhausted." When you presented to your appointments in the clinic you denied fever, chills, night sweats or weight loss. The history of illness you gave to your provider was recorded, and an initial evaluation was completed; you did not possess any predisposing medical factors that would necessitate an immediate workup outside of the formulated care plan. Physical examination of your back performed by various medical providers on previous encounters did not suggest such a diagnosis. While you may not agree with the medical decision of your treatment team, it does not constitute staff misconduct or deliberate indifference to your medical needs.

(Compl. at pp. 7, 26.)

It is clear from the inmate appeal response that PA Mechael reviewed Plaintiff's x-rays and on May 25, 2016, referred him for an MRI on a routine basis. Mechael's decision to refer Plaintiff for an MRI on a routine basis is a classic example of a matter for medical judgment. Estelle v. Gamble, 429 U.S. 97, 107 (1976). Further, the fact that Plaintiff would have liked to have received an MRI sooner than on a routine basis is nothing more than Plaintiff's disagreement with a medical professional's decision which does not give rise to a constitutional claim for deliberate indifference. Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d at 242); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d at 332). In addition, the fact that Plaintiff complained of worsening symptoms on June 6, 2016, and was placed at a higher level of care does not demonstrate that PA Mechael was somehow deliberately indifferent in referring him for an MRI on May 25, 2016. Indeed, even if

Mechael was somehow negligent in a misdiagnosis, such allegation does not give rise to a constitutional claim for deliberate indifference. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (Eighth Amendment claim may not be premised on even gross negligence by a physician). Moreover, Plaintiff fails to link any of the other named Defendants to affirmative actions or omissions giving rise to a claim of deliberate indifference to his medical needs. Accordingly, Plaintiff fails to state a cognizable claim under the Eighth Amendment.

### B. CDCR as Defendant

Plaintiff names CDCR as Defendants. However, under the Eleventh Amendment, states and state agencies enjoy sovereign immunity from private suits for damages or injunctive relief in federal court, unless the State has waived or Congress has validly overridden such immunity. Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court…." Id. Moreover, Congress did not override sovereign immunity with respect to § 1983 suits. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67, 71 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent. … We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Accordingly, CDCR cannot be sued in this instance even if Plaintiff had stated a cognizable claim for deliberate indifference.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff's first amended complaint fails to state a cognizable claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a due process violation or access to the court, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend

is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a cognizable claim for relief; and

2. The Clerk of the Court is directed to randomly assign a District Judge to this case.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 24, 2018**

UNITED STATES MAGISTRATE JUDGE